# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLIFTON BRADLEY,
    Petitioner,

v.                                                  Civil Action No.    3:04CV25
                                                     Criminal Action No.   3:99CR28

UNITED STATES OF AMERICA,
    Respondent.

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

## I. PROCEDURAL HISTORY

On March 24 2004, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On April 13, 2004, the petitioner filed an Application to Proceed *In Forma Pauperis*.

This matter which is pending before me for initial review and report and recommendation pursuant to the April 6, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

### A. Conviction and Sentence

In November 1999, the petitioner pled guilty to attempted car jacking in violation of 18 U.S.C. § 2119. On February 7, 2000, the petitioner was sentenced to 214 months imprisonment. In sentencing the petitioner, the Court determined that the petitioner is a career offender under U.S.S.G. §4B1.1.

### B. Appeal

On appeal, the petitioner asserted that the Court erred in accepting his plea because the terms of the plea agreement regarding the waiver of his appellate rights were so broad that he could

not have knowingly and voluntarily agreed to the terms of the plea agreement. He also contended that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 2119.

The Fourth Circuit Court of Appeals found that the petitioner's arguments were without merit. United States v. Bradley, 49 Fed. Appx. 412, 413, 2002 WL 31356390, *1 (4th Cir. 2002). With regard to the waiver issue, the Fourth Circuit found that the Court had properly conducted the Rule 11 hearing, and that the petitioner's plea and waiver of appellate rights were voluntary and knowing. Specifically, the Fourth Circuit found as follows:

> In this case, the district court conducted a thorough hearing, insuring that Bradley understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. Further, the court ascertained that Bradley's plea was voluntary and that a factual basis existed for his plea. The court questioned Bradley specifically about his waiver of appellate rights, which contrary to counsel's assertion was limited in scope. In light of the deference afforded the district court's method of conducting the Rule 11 hearing, we have no difficulty concluding that, not only did the district court comply with Rule 11, but that Bradley's plea was knowing and voluntary. See United States v. Goins, 51 F.3d 400, 402 (4th Cir.1995).
> Accordingly, it follows that Bradley's waiver of his right to challenge his sentence was entered knowingly and voluntarily
>
> Id. at *1.

The petitioner then filed a petition for writ of certiorari which was denied on March 31, 2003

## C. **Federal Habeas Corpus**

The petitioner raised the following grounds in his § 2255 motion:

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge. Counsel guaranteed defendant there would be no subjection of defendant to the career offender status because the government had not mentioned or declared it would apply that status.

(2) Denial of effective assistance of counsel. Counsel guaranteed defendant no more than 6 to 9 years imprisonment and a level 3 criminal category, and counsel told defendant, defendant's mother and two of defendant's brothers

2

that it is better that defendant sign the plea agreement quickly. Based upon the guarantees of counsel, defendant agreed to plead guilty.

**D. Recommendation**

Upon reviewing the record, I recommend that the petitioner's § 2255 motion be denied because his claims are without merit.

## II. ANALYSIS

**A. Involuntary Plea**

On appeal the petitioner argued that his plea was involuntary because the terms of the waiver of appellate rights was so broad. He never asserted that his plea was involuntary because the Government had not mentioned that he could be sentenced as a career offender.

The failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id. at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that

3

petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494.

The petitioner has failed to demonstrate cause and prejudice for failing to argue that his plea was involuntary and unknowing because he was not aware he could be sentenced as a career offender. Thus, this claim is procedurally barred.

**B. Ineffective Assistance of Counsel**

According to the petitioner, his attorney was ineffective because he advised him that he would be sentenced to no more than 6 to 9 years. Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Even if the petitioner's counsel advised the petitioner that he would be sentenced to 6-9

4

years imprisonment, the Fourth Circuit found that the district court advised the petitioner of the penalties he faced and the impact of the Sentencing Guidelines.

> [I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant."

United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert denied, 513 U.S. 1060 (1994). "'Mis-advice respecting sentencing possibilities' could not be a 'but for' cause of a guilty plea where the plea is 'based on risk information given . . . by the sentencing court.'" United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (citing United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993)). Thus, the petitioner's claim regarding ineffective assistance of counsel is without merit.

### III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion. It is further recommended that the Court deny the petitioner's motion to proceed in forma pauperis because there is no filing fee for a § 2255 action.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

5

(1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia.

Dated: June 3, 2005

James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE